## MILIUS & BROTHER *v.* W. E. MARSH, ET AL.

1. It is too late to ask upon a trial, or final hearing, for the dismissal of an action for the want of other proper parties; whenever there is a defect of parties, the defendant may demur and set up the fact.
2. The whole theory of the code practice is founded upon the leading idea that an action, once pending, shall not be permitted to fail if by amendment any defects in pleading can be remedied.
3. The court are not required to await the presence of attorneys or their clients, when it is desirable to reinstruct the jury upon matters of law.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered by Gholson, J., in favor of Marsh, plaintiff below, at May term, A. D. 1857.

The facts are sufficiently stated in the decision.

*Pugh & Kirk*, for plaintiffs in error.

*Strait & Hollister*, for Marsh, defendant in error.

STORER, J., delivered the opinion of the court.

The defendant in error, Marsh, filed his petition below, at special term, against Dorr & Arnold, and the plaintiff in error, claiming that he had recovered judgment at the January term, 1857, of this court, against Dorr & Arnold, for $231, who were insolvent, and have no property that can be subjected by execution; and that Milius & Brother, the plaintiffs in error, were indebted to Dorr & Arnold to a similar

amount, which sum, he charged, ought to be subjected to the payment of his judgment.

The defendants, Milius & Brother, answered, and the case was set down to be tried before Gholson, J.; the question submitted being whether such indebtedness existed as was alleged by plaintiff. As the proceeding was in the nature of a bill of equity, it seems a jury was impanneled to pass upon the facts. Testimony was admitted to prove them, and while the case was pending before the jury the counsel for Milius & Brother moved the court to dismiss the proceedings for the want of proper parties. He also asked the court to charge that " if Dorr & Arnold were only part of a firm interested in the event of the suit, and were not interested as the firm of Dorr & Arnold, the jury must find for Dorr & Arnold." The court was also asked to charge " that if Dorr & Arnold had made an assignment, and thereby lost their interest in the claim, they were not the proper parties, and the jury must find for Milius & Brother." The court refused these several motions as they were made, and gave the case to the jury, who· retired, and, not being able to agree, returned to the court under the charge of the sheriff and asked for instruction upon some point of law connected with the case. The judge repeated to them his former charge; whereupon they retired, and afterward agreed upon their verdict.

When the jury came into court for instructions, neither the defendants, Milius & Brother, nor their counsel, were present, though it appears, by the bill of exceptions, they had been sent for in the different court rooms but could not be found.

We are now asked to reverse the judgment of the court below for the refusal of the judge to allow the various motions of the defendants, already referred to, as well as for giving instructions to the jury after they had retired to deliberate, and when the defendants and their counsel were absent from court.

It will be readily seen that the action, in which these proceedings were had, was equivalent to a creditor's bill; and before they can be effectual, there must be a final decree of

the court upon the facts found. That decree is to be rendered upon the whole case, and the verdict of the jury is but evidence; it is not conclusive upon the court, who truly will pass upon the whole subject-matter without the interposition of a jury.

If a jury is called, it is but to aid the judge in forming his opinion, and their only function is to pass upon the facts, as they are submitted to the court, to establish or defeat the claim set up by the plaintiff. Hence, all questions of pleading, and all defects in the form of action, are to be determined solely by the court. They do not belong to, nor can they be considered by, the jury.

When the judge was asked to dismiss the action for the defect of parties, when the case was on trial, he very properly denied the motion. It was not the time to interpose the objection, as the party making it is supposed to have known, when he filed his answer, who the proper parties were, and might, upon application to the court, have required them to be made defendants.

By the third clause of section 372 of the code, authority is conferred upon the court to dismiss an action, without prejudice to a future action, for the want of necessary parties, but this is left to the sound discretion of the judge before whom the case is to be tried. In no case can he be suffered arbitrarily, or, as a matter of course, to exercise or exceed the power.

The whole theory of our system of practice is founded upon the leading idea that the action once pending shall not be permitted to fail if, by amendment, any defects in pleading can be remedied. Hence, the most liberal permission is given to either party to change the allegations in the petition or answer, and to alter or redress the framework of both or either so as to present the true cause of action; thus correcting all conceivable errors, and while the parties are in court, compelling them to exhibit their whole case. This is the result of a just construction of the

different sections in chapter vii, title vii, of the code, as also sections 34, 35, 36, 37, and 40, under title iii.

Whenever, then, there is a defect of parties, the defendant may demur, and set up the fact; or, if the court should discover the objection, upon trial, they may direct the proper parties to be made. In no conceivable case, except when the parties in litigation have been negligent, or when the court are asked to dismiss the action without prejudice, can it be said that a petition should be dismissed for the want of parties, if, by any mode or construction known to the code, the persons alleged to be interested can be compelled to appear.

Before the enactment of the code, even a suit did not abate for the defect of parties. The defendant under our statute might plead the matter in abatement, suggesting the names of the parties who were interested as joint contractors or otherwise, and have process then issued to make them parties; the non-joinder did not, as at common law, affect the action in any manner. And if no plea in abatement was filed, the plaintiff might recover against the defendants who were named, however others might have been liable upon the same instrument. He was bound only to prove his cause of action, as he alleged it in his declaration, and could not be defeated by any proof on trial that a part only of the debtors were sued.

In the present case, the firm of Dorr & Arnold, it seems, was composed of more persons than those against whom the petition was filed, and without any objection being urged by demurrer, or answer on the part of the defendants, Milius & Brother, and while the members of Dorr & Arnold were in default for answer, admitting, thereby, the allegations of the petition, it was attempted on the trial to dispose of the whole case in the very summary way we have already indicated.

The judge, very properly, we think, overruled the motion of the defendants, and, with equal propriety, refused to charge as was requested.

II. Another charge seems to have been asked of the judge, which required of him to inform the jury that if they believed that an assignment had been made by Dorr & Arnold, of the claim sought to be subjected by the plaintiff, before the petition was filed, the action could not be sustained.

On a careful examination of the bill of exceptions, it does not appear that there was any evidence to authorize such a charge, and it would therefore be an hypothetical one if given. No court is required thus to charge a jury; their duty is to deal with facts, not supposition—to state the law fully, as it arises upon the testimony before them; all else is mere supererogation.

III. It is charged also as error that the judge gave instructions to the jury after they had retired, when the defendants and their counsel were absent, and the claim is asserted that he had no such right.

The bill of exceptions discloses the fact that the defendants' counsel was called, but could not be found in the court-room, and the judge being requested by the jury to reinstruct them, permitted them to come into court, when he restated his former charge.

We find in this nothing that was not strictly appropriate to his judicial duty; in fact, nothing that he was not bound, in justice to the case and the parties also, to do, when requested by the jury.

It has been the usual practice in all our courts, and has, as we understand, never been doubted; any other rule would require the court to refuse instruction, required to enlighten the jury upon any legal question, unless it was done in the presence of the counsel for both parties. And if their presence could not be obtained, the jury could derive no assistance from the court.

We know of no rule requiring us to send for counsel when the jury ask for such instructions, or when they render their verdict. Both parties are supposed to be represented in court at all times by their counsel; and the

client, as a general rule, is bound by the acts of his counsel, let them be those of omission or commission.

Section 270 of the code, we are satisfied, confers all the power necessary to sustain the court in the course they adopted. They are there authorized to charge the jury upon any matter of law, at their discretion, but can not refer to or give their recollection of the testimony, unless in the presence of, or after notice to, the parties or their counsel.

The distinction is an obvious one, and the reason of it apparent.

A judge may very readily mistake the evidence, and have a very different view of it from that impressed upon the jury; but he is supposed, in theory, at least, to know their view, and his expression of it is final until it is reversed on error.

After the verdict of the jury had been rendered, the court entered a formal judgment, in which all the facts necessary to authorize a recovery by the plaintiffs, are specifically found, and we may well conclude there was sufficient evidence in the case before him to sustain the action. We must conclude there was, and as there is no allegation to the contrary in the bill of exceptions, we ought to apply the legal inference, "*omnia bene et rite sunt acta*."

Judgment affirmed.